UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| News2Share Inc.,<br>4082 Tarpon Lane<br>Woodbridge, Virginia 22193<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>Sinclair Broadcast Group, LLC,<br>10706 Beaver Dam Road,<br>Hunt Valley, MD 21030<br><br>　　　　　　Defendant. | *<br>*<br>*　Case No:<br>*<br>*　**DEMAND FOR JURY TRIAL**<br>*<br>*<br>*<br>* |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

## COMPLAINT

Plaintiff News2Share Inc. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Sinclair Broadcast Group, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1.　This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2.　Andrew Bradford Fischer ("*Fischer*") created a series of videos (hereinafter referred to collectively as the "*Videos*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.　Defendant is a media company which owns and operates a website at domain www.wgme.com ("*Website 1*").

4.　Defendant owns and operates a website at domain www.fox23maine.com ("*Website 2*").

5.　Defendant owns and operates a website at domain www.foxsanantonio.com

1

("*Website 3*").

6.  Defendant owns and operates a website at domain www.news4sanantonio.com ("*Website 4*").

7.  Defendant owns and operates a Facebook account with the name "@wgme13" ("*Account 1*").

8.  Defendant owns and operates a Facebook account with the name "@fox23maine" ("*Account 2*").

9.  Defendant owns and operates a YouTube account with the name "@kabbfoxsanantonio" ("*Account 3*").

10. Defendant owns and operates a YouTube account with the name "@woaivideo" ("*Account 4*").

11. Defendant owns and operates a YouTube account with the name "@thenationaldesk" ("*Account 5*").

12. Defendant owns and operates a Facebook account with the name "@foxsanantonio" ("*Account 6*").

13. Defendant owns and operates a Facebook account with the name "@news4sa" ("*Account 7*").

14. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Videos on the Websites (hereinafter the domains set forth above are referred to collectively as the "*Websites*") and the Accounts (hereinafter the social media platforms set forth above are referred to collectively as the "*Accounts*") and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

15. Plaintiff News2Share Inc. is a Virginia corporation and maintains a principal place of business in Prince William County, Virginia.

16. Upon information and belief, defendant Sinclair Broadcast Group, LLC, is a Maryland limited liability company with a principal place of business at 10706 Beaver Dam Road,

Hunt Valley in Baltimore County, Maryland and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

18. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Maryland.

19. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.  Plaintiff's Copyright Ownership**

20. Plaintiff is a professional videography company which is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

21. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

22. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

23. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

24. On March 12, 2023, Fischer first published a video of neo-Nazi members protesting outside a drag event ("*Video 1*"). A copy of a screengrab of Video 1 is attached hereto collectively as Exhibit 1.

25. In creating Video 1, Fischer personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording.

26. On August 25, 2023, Video 1 was registered by the USCO under Registration No.

PA 2-433-384.

27. On January 29, 2024, Fischer first published a video of the "Take Our Border Back" convoy from Virginia to Texas ("*Video 2*"). A copy of a screengrab of Video 2 is attached hereto collectively as Exhibit 1.

28. In creating Video 2, Fischer personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording.

29. On February 9, 2024, Video 2 was registered by the USCO under Registration No. PA 2-458-303.

30. Fischer created the Videos with the intention of them being used commercially and for the purpose of display and/or public distribution.

31. Plaintiff acquired the rights in and to the Videos from Fischer by way of written assignment.

**B.   Defendant's Infringing Activity**

32. Defendant is the registered owner of the Websites and is responsible for their content.

33. Defendant is the operator of the Websites and is responsible for their content.

34. Defendant is the registered owner of the Accounts and is responsible for their content.

35. Defendant is the operator of the Accounts and is responsible for their content.

36. The Accounts are part of and used to advance Defendant's commercial enterprise.

37. The Websites are key components of Defendant's popular and lucrative commercial enterprise.

38. The Websites are monetized in that they contain paid advertisements and, upon information and belief, Defendant profits from these activities.

39. On or about August 7, 2023, Defendant displayed Video 1 on Websites 1-2 as part of on-line stories at URL: https://wgme.com/news/local/neo-nazi-leader-establishes-training-site-in-maine-former-us-marine-christopher-pohlhaus-springfield-white-supremacists-camp-moores-

road-bluttstamm-blood-tribe-physical-fitness-drills-weapons-training ("*Infringement 1*") and https://fox23maine.com/news/local/neo-nazi-leader-establishes-training-site-in-maine-former-us-marine-christopher-pohlhaus-springfield-white-supremacists-camp-moores-road-bluttstamm-blood-tribe-physical-fitness-drills-weapons-training ("*Infringement 2*"). Copies of screengrabs of Websites 1-2 including Video 1 are attached hereto collectively as Exhibit 2.

40. On or about August 8, 2023, Defendant displayed Video 1 on Account 1 as part of a social media post at URL: https://www.facebook.com/WGME13/posts/668102082011754 ("*Infringement 3*"). A copy of a screengrab of Account 1 including Video 1 is attached hereto collectively as Exhibit 2.

41. On or about August 22, 2023, Defendant displayed Video 1 on Website 1 as part of an on-line story at URL: https://wgme.com/news/local/new-maine-bill-ban-militia-training-grounds-cause-civil-disorder-neo-nazi-blood-tribe-springfield ("*Infringement 4*"). A copy of a screengrab of Website 1 including Video 1 is attached hereto collectively as Exhibit 2.

42. On or about August 23, 2023, Defendant displayed Video 1 on Account 1 as part of a social media post at URL: https://www.facebook.com/WGME13/posts/675912927897336 ("*Infringement 5*"). A copy of a screengrab of Account 1 including Video 1 is attached hereto collectively as Exhibit 2.

43. On or about August 28, 2023, Defendant displayed Video 1 on Account 2 as part of a social media post at URL: https://www.facebook.com/fox23maine/posts/774009521398322 ("*Infringement 6*"). A copy of a screengrab of Account 2 including Video 1 is attached hereto collectively as Exhibit 2.

44. On or about January 29, 2024, Defendant displayed Video 2 on Websites 3-4 as part of on-line stories at URLs: https://foxsanantonio.com/news/local/heres-what-you-need-to-know-about-the-convoy-heading-to-nearby-border-towns ("*Infringements 7-10*") and https://news4sanantonio.com/news/local/heres-what-you-need-to-know-about-the-convoy-heading-to-nearby-border-towns ("*Infringements 11-14*"). Copies of screengrabs of Websites 3-4 including Video 2 are attached hereto collectively as Exhibit 2.

5

45. On or about January 30, 2024, Defendant displayed Video 2 on Accounts 3-5 as part of social media post at URLs: https://www.youtube.com/watch?v=jvYePzLY_9U ("*Infringements 15-18*"); https://www.youtube.com/watch?v=mQSR4tgNxcc ("*Infringements 19-22*"); and https://www.youtube.com/watch?v=YM1HZTaiaA4 ("*Infringements 23-26*"). Copies of Accounts 3-5 including Video 2 are attached hereto collectively as Exhibit 2.

46. Further on or about January 30, 2024, Defendant displayed Video 2 on Accounts 6-7 as part of social media posts at URLs: https://www.facebook.com/foxsanantonio/posts/765324122309761 ("*Infringement 27*"); https://www.facebook.com/News4SA/posts/794011512769427 ("*Infringement 28*"); https://www.facebook.com/News4SA/posts/793693909467854 ("*Infringement 29*"); and https://www.facebook.com/News4SA/posts/793631459474099 ("*Infringement 30*"). Copies of screengrabs of Accounts 6-7 including Video 2 are attached hereto collectively as Exhibit 2.

47. On or about January 31, 2024, Defendant displayed Video 2 on Account 7 as part of a social media post at URL: https://www.facebook.com/News4SA/posts/794430179394227 ("*Infringement 31*"). A copy of a screengrab of Account 7 including Video 2 is attached hereto collectively as Exhibit 2.

48. Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Videos on the Websites as well as the Accounts.

49. Upon information and belief, the Videos were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Videos (hereinafter the unauthorized uses set forth above are referred to collectively as the "*Infringements*").

50. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

51. The Infringements are exact copies of Plaintiff's original video recordings that were

6

directly copied and displayed by Defendant on the Websites as well as the Accounts.

52. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Websites as well as its Accounts, including, but not limited to copying, posting, selecting, commenting on, and/or displaying video recordings including but not limited to Plaintiff's Videos.

53. Upon information and belief, Defendant directly contributes to the content posted on the Websites as well as the Accounts by, *inter alia*, directly employing reporters, authors, and editors as its agents, including but not limited to Stephanie Grindley and Amanda Henderson (hereinafter referred to collectively as the "*Employees*").

54. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

55. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

56. Upon information and belief, the Videos were willfully and volitionally posted to the Websites as well as the Accounts by Defendant.

57. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

58. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

59. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Websites as well as its Accounts and exercised and/or had the right and ability to exercise such right.

60. Upon information and belief, Defendant monitors the content on its Websites as well as its Accounts.

61. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

62. Upon information and belief, the Infringements increased traffic to the Websites and, in turn, caused Defendant to realize an increase in its advertising and business revenues.

63. Upon information and belief, a large number of people have viewed the unlawful copies of the Videos on the Websites as well as the Accounts.

64. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

65. Defendant's use of the Videos harmed the actual market for the Videos.

66. Defendant's use of the Videos, if widespread, would harm Plaintiff's potential market for the Videos.

67. Prior to the filing of this litigation, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

68. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

69. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

70. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

71. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

72. The Videos are original, creative works in which Plaintiff owns valid copyrights.

73. The Videos are properly registered with the USCO and Plaintiff has complied with

all statutory formalities under the Copyright Act and under regulations published by the USCO.

74. Plaintiff has not granted Defendant a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

75. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating Plaintiff's exclusive rights in its copyrights.

76. Defendant's reproduction of the Videos and display of the Videos constitutes willful copyright infringement.

77. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Videos in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's consent or authority, by using them on the Websites as well as the Accounts.

78. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

79. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

80. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

81. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Videos in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Videos by copying and displaying them without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: April 10, 2024

**SANDERS LAW GROUP**

By: __*/s/ Craig Sanders*__
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129746

*Attorneys for Plaintiff*

10